MISSOURI, K. & T. RY. CO. OF TEXAS v. TAYLOR.

(Court of Civil Appeals of Texas. Dallas. March 29, 1913. On Motion for Rehearing, May 3, 1913.)

1. APPEAL AND ERROR (§ 216*)—OBJECTIONS BELOW — INSTRUCTIONS — NECESSITY OF REQUEST.

If an instruction in an action against a railroad for injuries at a railroad crossing was defective in not expressly submitting the issue whether plaintiff was injured, the defendant should have requested a special charge specifically submitting that issue, and, not having done so, cannot object on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 628, 629.]

2. RAILROADS (§ 347*)—CROSSING ACCIDENTS —ACTIONS—ADMISSION OF EVIDENCE.

In an action against a railroad company for injuries by striking plaintiff's wagon at a street crossing, in which the evidence raised the issue as to whether the speed of the train proximately caused plaintiff's injuries, published ordinances prohibiting trains running at a speed exceeding six miles an hour were admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1124–1137; Dec. Dig. § 347.*]

On Motion for Rehearing.

3. DAMAGES (§ 216*)—INSTRUCTIONS—PERSONAL INJURIES.

The court instructed in an action against a railroad company for injuries at a street crossing that, if the jury found for plaintiff, they should allow him such sum of money "as will now in cash reasonably compensate him for the injury, if any, he may have received as the proximate cause of defendant's negligence, if any," and might consider plaintiff's lessened ability to labor and earn money, if any, and any physical pain and mental anguish suffered up to the present time, and might further consider any lessened ability to labor and earn money in the future that plaintiff might have sustained, and any further physical pain and mental anguish he may suffer in the future, if any, as may be proximately caused by defendant's negligence. Held, that the instruction was not misleadingly erroneous, in that it did not require that any damages allowed for future physical and mental pain must be predicated upon past negligence, as alleged and proved, especially in view of a further charge that plaintiff could not recover for any injuries received at any other time, or from any other source than at the time and the place as alleged in the petition.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

---

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by Hershel Taylor against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. J. S. Sherrill and Evans & Carpenter, both of Greenville, for appellee.

TALBOT, J. This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been inflicted upon him through the negligence of appellant's agents and employés on or about the 6th day of June, 1911. The petition alleges, in substance, that at and before the time of the injuries complained of the defendant railway company operated and maintained railway yards with numerous tracks and switches in the city of Greenville, Tex., said tracks crossing Henry street, the street running east and west and the railway tracks running north and south; that said street was traveled by a great many people on foot, on horseback, and in vehicles of various kinds, and the defendant operated a great many engines and cars over and across said street rendering the crossing very dangerous, and making it necessary, in the exercise of ordinary care, that the defendant have and maintain a flagman at said crossing to warn people using said street of the approach of engines and cars, and that defendant failed to have and maintain a flagman at said crossing; that on the day the accident resulting in plaintiff's injuries occurred defendant had several strings of box cars standing on its tracks south of Henry street, some of the cars extending into said street; that plaintiff was traveling in a wagon drawn by a pair of gentle mules going westward over the crossing, and his view to the south was obstructed by said standing cars, and he could not see a string of cars on another track west of said standing cars which was being backed into the street at a rapid rate of speed, and that as plaintiff's team reached a point immediately west of the track on which the cars were being backed, said cars barely missing the rear end of his wagon, the sudden appearance of the rapidly moving cars caused plaintiff's team to become frightened and to jump forward with a quick and heavy plunge, thereby throwing plaintiff down in his wagon, striking his back on a cotton seed fork and the bottom of the wagon and seriously injuring him; that on the occasion of plaintiff's injuries said cars which frightened plaintiff's team were being run at a greater rate of speed than six miles per hour in violation of an ordinance of the city of Greenville; that in approaching said street crossing defendant's servants failed to sound the whistle or ring the bell of the engine as required by statute; that in failing to have and maintain a flagman at said crossing, in having said cars standing on said tracks as alleged, in running said cars at a greater rate of speed than six miles per hour, and in failing to sound the whistle or ring the bell of the engine in approaching said crossing, defendant was in each of said particulars guilty of negligence which proximately caused or contributed to plaintiff's injuries. Defendant answered by a general denial and pleas of contributory negligence. The case was tried before the court and a jury, and the trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,000, and the defendant appealed.

The first assignment complains that the third paragraph of the court's general charge is error because it does not directly submit as an issue of fact whether or not plaintiff was injured, but assumes that he was injured. We are inclined to think that the evidence, practically without contradiction, shows that plaintiff was injured as the result of defendant's negligence in some or all of the ways alleged, but, if it be conceded that such was not its effect, the charge did not assume that plaintiff had sustained injury, but conditioned plaintiff's right to recover damages upon a finding from the evidence that he had been injured by the negligence of defendant.

[1] If the charge is subject to the criticism made by appellant, to the effect that it does not expressly submit the issue of whether or not plaintiff was injured, appellant should have requested a special charge more directly and specifically submitting the issue.

It is also assigned that the court erred in submitting to the jury as grounds of negligence upon which a recovery might be had, the movement and backing of a train of cars toward the crossing at the time plaintiff was going over the same, the speed of the train, the failure to ring the bell on the locomotive, and the act of defendant in allowing box cars to stand on the railroad tracks on and near the street crossing obstructing the view of travelers. It is contended that some of the foregoing grounds of negligence submitted to the jury were not made issues by the pleadings, and none of them by the evidence. We do not agree with this view. The pleadings and evidence were sufficient to authorize the submission of each and all of the issues here referred to, and the charge in the several respects complained of furnishes no sufficient ground for a reversal of the case. Clearly, in view of the pleadings and evidence, we would not be warranted in holding that these issues were not raised.

The sixth, seventh, and eighth assignments of error complain of the court's charge on the measure of damages. The sixth asserts that the charge fails to tell the jury the injuries for which the plaintiff would be entitled to compensation was meaningless, and

left the jury without a guide in measuring damages; the seventh asserts that the charge authorized the assessment of speculative damages and compensation for remote, uncertain, and problematic future suffering of body and mind and physical disability; the eighth asserts that the charge authorized the assessment of damages for injuries which may be proximately caused in the future by negligence of the defendant. The charge of the court is as follows: "If you find for the plaintiff, you will allow him such sum of money as will now in cash reasonably compensate him for the injury, if any he may have received, as the proximate cause of defendant's negligence, if any. And you may take into consideration plaintiff's lessened ability to labor and earn money, if any, since said time, and any physical pain and mental anguish he may have suffered, if any, as proximately caused by the negligence, if any, of defendant." This charge conforms substantially in all essential particulars to charges which have been sustained repeatedly by our courts, under a similar state of facts, is not subject to the objections urged to it, and furnishes appellant no just ground of complaint.

[2] The court did not err in permitting the plaintiff to read in evidence from the published ordinances of the city of Greenville an ordinance prohibiting the running of trains within the city limits of said city at a speed exceeding six miles an hour. Proof of the ordinance was properly admitted, because the testimony raised the issue as to whether or not the speed of the train was the proximate cause or proximately concurring cause of plaintiff's injuries.

Nor did the court err in refusing to grant a new trial for either of the reasons stated in appellant's tenth and eleventh assignments of error. The evidence was sufficient to support the charges of negligence made in the plaintiff's petition, and we are not prepared to say in view of the testimony in the record that the verdict is excessive.

Our conclusion is that none of appellant's assignments disclose reversible error, and that the judgment of the lower court should be affirmed.

It is therefore accordingly so ordered.

On Motion for Rehearing.

[3] In copying the court's charge on the measure of damages in our original opinion a part of it was inadvertently omitted. The charge in full is as follows: "If you find for the plaintiff, you will allow him such sum of money as will now in cash reasonably compensate him for the injury, if any, he may have received as the proximate cause of defendant's negligence, if any. * * * And you may take into considera-

tion plaintiff's lessened ability to labor and earn money, if any, since said time, and any physical pain and mental anguish he may have suffered, if any, as proximately caused by said injury, if any, up to the present time; and you may further take into consideration any lessened ability to labor and earn money in the future that plaintiff may have sustained, if any, and any other physical pain and mental anguish he may suffer in the future, if any, as may be proximately caused by the negligence, if any, of defendant." The objections to this charge are stated in the original opinion. The charge is not as clear and accurately expressed as it might have been, but we are still of the opinion that it is substantially correct, and that its imperfections are not of such character as to have misled the jury.

The meaning of the first clause of the charge is sufficiently clear, although not expressed in the language usually employed, to justify the conclusion that the jury understood that the injury therein referred to was such injury as was proximately caused by the negligence of appellant; that is, such injury as appellee received as the proximate result of appellant's negligence. Nor do we think it is likely that the jury were misled by the last clause of the charge, and induced thereby to believe, as seems to be contended by appellant's counsel, that in allowing appellee damages they were authorized to give him compensation for some remote, uncertain, and problematic future suffering of body and mind based upon some future negligence of appellant. Attributing ordinary intelligence to the jury, it must be presumed that they understood by the charge, although awkwardly, and in a measure, inaccurately, framed, that while they were authorized to consider any future physical and mental pain the appellee might probably suffer as a consequence of his injury, yet that any damages allowed must be predicated upon past negligence of appellant and as alleged in appellee's petition, and shown by the evidence. But especially could no harm have resulted to appellant by reason of the imperfections of the court's charge under consideration in view of the sixth paragraph of the charge. This paragraph is as follows: "You are further charged that the plaintiff is not entitled to recover for any injuries that he may have received at any other time, or from any other source than the injury, if any, he may have received at the time and place as alleged in his petition in this cause." We have reconsidered on this motion all of appellant's assignments of error, with the conclusion reached that all questions presented have been heretofore correctly decided.

The motion for a rehearing is therefore overruled.